IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FREDRICK BLODGETT, d/b/a BIG FS LLC, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>FAF, INC., d/b/a FORWARD AIR TRANSPORTATION SERVICES, INC., and DOES 1-25<br><br>        Defendants. | Civil Action No.:_____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Fredrick Blodgett, at times doing business as Big FS LLC, ("Plaintiff"), on behalf of himself and those similarly situated, by and through his undersigned attorneys, hereby makes the following allegations against Defendant FAF, Inc., d/b/a Forward Air Transportation Services Inc., and Does 1 through 25 (collectively "Forward Air" or "Defendant") concerning its acts and status upon actual knowledge and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF ACTION

1.    Defendant Forward Air has engaged in a pattern and practice of taking advantage of its truck drivers by misclassifying them as independent contractors. In doing so, Forward Air improperly shifts the costs of doing business to its truck drivers, while completely controlling the means and manner by which the truck drivers perform their job duties. Plaintiff brings this action under the Fair Labor Standards Act, 28 U.S.C. §§ 201, *et seq.*, (the "FLSA") on behalf of all persons in the United States who entered into Independent Contractor Operating Agreements with Forward Air and truck lease agreements which named Forward Air as the "Carrier" (collectively

1

"Agreements") at any time during the period from three years prior to filing of the complaint to the present (the "Collective").

2. Defendant has, at all times relevant herein, misclassified Plaintiff and members of the nationwide Collective as independent contractors, and refused and failed to pay them at least the federal minimum wage for all hours worked. Specifically, Defendant has intentionally required that Plaintiff and members of the Collective cover the costs of operating Defendant's business, (including but not limited to the costs of fuel and truck maintenance), willfully reducing the wages of Plaintiff and members of the Collective to a rate below the federally mandated minimum wage.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because this civil action arises under federal law of the United States, 29 U.S.C. § 201 *et seq.*

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional norms of fair play and substantial justice.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in this District.

## PARTIES

6. Plaintiff Fredrick Blodgett is an adult individual residing at 2592 French Camp Rd., Manteca, California 95336.

7. Defendant FAF, Inc. d/b/a Forward Air Transportation Services, Inc., is a truckload carrier formed in the State of Tennessee with its principal place of business at 1915 Snapps Ferry Rd., Building N, Greeneville, Tennessee 37745. Defendant Forward Air primarily serves the air

cargo industry by receiving air cargo and transporting it to the terminal closest to the destination. Defendant Forward Air operates throughout the United States.

8. Defendants DOES 1 through 25 are presently unknown persons and/or entities who had control over the wages, hours, and payroll of Plaintiff and similarly situated individuals.

9. At all times relevant herein, Defendants acted by and through their agents and employees, each of whom acted in the course and scope of their employment with Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

11. Plaintiff brings this action for violations of the FLSA as both an individual and collective action on behalf of Plaintiff and all persons who performed work as truck drivers designated as "independent contractors" by Forward Air who also signed truck lease agreements designating Forward Air as the "Carrier" at any time during the period from three years prior to filing of the complaint to the present ("collective members"). Plaintiff brings this action pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b).

12. During all times relevant herein, Plaintiff and collective members were subjected to an unlawful compensation system put in place by Defendant.

13. During the relevant time period, Defendant has employed Plaintiff and collective members as "lease-purchasers" and/or "owner-operators" and misclassified them as independent contractors.

14. Plaintiff and collective members are similarly situated. During the relevant time period, they held similar job titles; performed similar job duties; been paid under similar pay provisions; and are all subject to Defendant's unlawful policies and practices as described herein.

15. Plaintiff and collective members are numerous. Members of the Collective are estimated to number in hundreds, if not thousands. Forward Air has entered into the Agreements with thousands of persons who thereafter worked for Forward Air as "independent contractors."

16. Defendant maintains records of its "owner-operators" and/or "lease purchasers" and as such they are readily identifiable by Defendant.

17. Therefore, Plaintiff should be permitted to bring this action as a collective action on behalf of themselves and all other individuals similarly situated pursuant to the "opt-in" provisions of the FLSA.

## FACTUAL ALLEGATIONS

18. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

19. Plaintiff Fredrick Blodgett worked for Defendant as an "owner-operator" and/or "lease-purchaser" from approximately July 2015 to October 2017 and was classified by Defendant as an independent contractor.

20. By approximately six months into his employment, Plaintiff was required to create and do business as Big FS, LLC.

21. Defendant's primary business is the transport of air goods/cargo by truck from terminal to terminal across the United States.

22. Defendant is a motor carrier as defined by the Motor Carrier Act.

23. Plaintiff and collective members worked and/or work for Defendant as commercial truck drivers during the relevant time periods.

24. Defendant has continued to misclassify its "owner-operators" and/or "lease-purchasers" during all relevant times through the present.

25. Plaintiff and collective members have been misclassified by Defendant as independent contractors during the covered period, and are/were in fact Defendant's employees under federal law.

**Misclassification of Owner-Operators and Lease-Purchasers as Independent Contractors**

26. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

27. During the relevant time period, Defendant has engaged in a policy and practice of employing truck drivers and misclassifying them as independent contractors.

28. During all relevant times herein, Defendant has controlled and directed Plaintiff and collective members in the performance of their job duties.

29. During all relevant times herein, Defendant has controlled the meaningful aspects of the business including customer flow and rates, effectively eliminating Plaintiff and collective members' ability to function as independent economic entities.

30. During all relevant times herein, Plaintiff and collective members have entered into lease agreements with companies which regularly contract with Defendant that require Plaintiff and collective members to allow for large weekly deductions from their settlements to cover lease payments in return for the use of one of their trucks. Trucks are in poor shape, lasting approximately one year before needing a replacement truck. Leases extend for periods such as two to three years.

31. Plaintiff and collective members do not gain equity in the trucks during the term of their sublease with Defendant. Until an individual "owner-operator" and/or "lease-purchaser" reaches the end of the lease term and completes purchase of the truck, the "owner-operator" and/or "lease-purchaser" is essentially paying exorbitant fees to borrow equipment.

32. Plaintiff and collective members are compensated based on a number of factors unilaterally determined by Defendant, including but not limited to the distance a load must be hauled, the size and/or weight of the cargo, and the type of cargo.

33. Plaintiff and collective members are not permitted to use their leased truck to carry loads for independent companies that are/were not assigned by and/or through Defendant, even on days Plaintiff and collective members are not assigned work from Defendant.

34. Plaintiff and collective members can only accept loads that have been assigned to them by Defendant.

35. Defendant requires Plaintiff and collective members to have and maintain onboard communications and tracing technology, such as Qualcomm systems. Payment for the required technology is deducted from Plaintiff and collective member's wages or escrow accounts.

36. The onboard communications and tracing technology enables Defendant to locate and track the trucks Plaintiff and collective members drive at all times, and to better control Plaintiff and collective members' schedules and loads.

37. Defendant assigns loads to Plaintiff and collective members through its communications and dispatch system.

38. Plaintiff and collective members have/had little to no ability to refuse assigned loads.

39. When Plaintiff and collective members refuse loads, Defendant can and has required Plaintiff and collective members to sit and extra time for another load, substantially decreasing the amount of money they are able to earn and endangering their ability to meet their lease payment obligations.

40. As Plaintiff and collective members were not permitted to accept loads or jobs from anyone other than Defendant, they had no meaningful opportunity to increase their profit outside of what was offered by Defendant.

41. Although Plaintiff and collective members are required by law to hold commercial driving licenses, they are not required to have special skills uncommon to the over-the-road trucking industry.

42. During all relevant times herein, Plaintiff and members of the Collective have performed the same or substantially similar job duties as are performed by company drivers employed directly by Defendant.

43. Because Defendant controls the rates paid and the available loads, Plaintiff and collective members can do little to increase their profits other than attempt to improve their efficiency within the bounds of the Motor Carrier Act.

44. During all relevant times herein, Plaintiff and collective members are/were economically dependent on Defendant.

45. During all relevant times herein, Defendant directed, provided, and supervised the work performed by Plaintiff and collective members on Defendant's behalf.

**Failure to Pay Plaintiff and Collective Members Minimum Wages for All Hours Worked**

46. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

47. Defendant's pay structure regularly caused Plaintiff and collective members to make less than the minimum wage as set forth by section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206.

48. Defendant has a policy and practice of making regular deductions from Plaintiff and collective members' pay checks for items including but not limited to: lease payments, satellite equipment, insurance, communications equipment and for an escrow account set aside to cover maintenance of the truck.

49. Additionally, Defendant has failed to reimburse Plaintiff and collective members for necessary and reasonable business expenses including but not limited to: costs of fuel, hotels, leasing payments, tires and insurance.

50. Defendant's pay structure, including both deductions made and its failure to reimburse for all necessary and reasonable business expenses, regularly causes/caused Plaintiff and collective members to make wages amounting to less than the federal minimum wage of $7.25 per hour for all hours worked during a workweek.

## COUNT I

## Violation of the Fair Labor Standards Act ("FLSA")

## Failure to Pay Minimum Wages

51. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52. At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiff and collective members within the meaning of the FLSA.

53. At all times relevant herein, Plaintiff and collective members were/are "employees" within the meaning of the FLSA.

54. At all times relevant herein, Defendant, as well as Plaintiff and collective members, have been engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

55. Section 201 of the FLSA, 29 U.S.C. §206, requires employers to minimally compensate employees such as Plaintiff and collective members at the federal minimum wage rate for all hours worked.

56. Defendant has violated and continues to violate the FLSA by willfully failing to compensate Plaintiff and collective members at least the federal minimum wage.

57. As a result of Defendant's company-wide policy and practice of not paying Plaintiff and collective members at least the federally mandated minimum wage for all hours worked, Plaintiff and collective members have been harmed.

## **JURY DEMAND**

58. Plaintiff hereby demands a trial by jury in the above captioned matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and collective members, respectfully seeks the following relief:

a. Judgment against Defendant;

b. All unpaid minimum wages;

c. Liquidated damages;

d. Litigation costs, expenses, and attorneys' fees; and

e. Such other and further relief as this Court deems just and proper.


Dated: February 12, 2018

s/Gregory F. Coleman
Gregory F. Coleman (TN BPR No. 014092)
Lisa A. White (TN BPR No. 026658)
Mark E. Silvey (TN BPR No. 13415)
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049

Email: greg@gregcolemanlaw.com
Email: lisa@gregcolemanlaw.com
Email: mark@gregcolemanlaw.com

Gary E. Mason*
Danielle L. Perry*
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave NW, Ste. 305
Washington, D.C. 20016
Tel: (202) 429-2290
Email: gmason@wbmllp.com
Email: dperry@wbmllp.com

**pro hac vice* admission anticipated

Attorneys for Plaintiff