IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FREDRICK BLODGETT, d/b/a BIG FS LLC, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**FAF, INC., d/b/a FORWARD AIR TRANSPORTATION SERVICES, INC., and DOES 1-25,**<br><br>Defendants. | Case No: 2-18-cv-00015-PLR-MCLC |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF MATERIAL FACTS | 1 |
| III. | ARGUMENT | 5 |
| | A. Legal Standard | 5 |
| | B. FAF Satisfied the Minimum Wage | 6 |
| IV. | CONCLUSION | 9 |

I.   INTRODUCTION

Plaintiff, a former over-the-road independent contractor owner-operator, filed Plaintiff's First Amended Complaint and Demand for Jury Trial ("Amended Complaint"), ECF No. 17, against Defendant, FAF, Inc., d/b/a Forward Air Transportation Services, Inc. ("FAF"). In the Amended Complaint, Plaintiff alleges that FAF misclassified him as an independent contractor instead of as an employee and that, as an employee, FAF failed to pay him the minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206. Plaintiff, however, has only identified a single workweek in which he allegedly received less than the minimum wage. Nevertheless, Plaintiff seeks treatment of this case as a collective action so that "all persons who performed work as truck drivers designated as 'independent contractors' by [FAF] who also signed truck lease agreements" are offered the opportunity to join in this action.

FAF seeks summary judgment on the only claim Plaintiff asserted in the Amended Complaint – that FAF failed to pay him the minimum wage in one workweek during his two-year tenure with FAF. As more fully-explained below and contrary to the Amended Complaint's allegations, even if Plaintiff had been an employee covered by the FLSA, which he was not, he earned in excess of the FLSA's minimum wage for the only workweek identified in the Amended Complaint and his deposition.

II.  STATEMENT OF MATERIAL FACTS

FAF is a Tennessee-based for-hire motor carrier regulated by the Federal Motor Carrier Safety Administration, an agency of the U.S. Department of Transportation, and it transports freight across the United States. *Declaration of Timothy Parker* ("Parker Decl."), ¶ 2.[1] In 2015, Plaintiff leased a truck from an independent third party leasing company and signed an

---
[1] The Declaration of Timothy Parker was filed at ECF No. 37-2 as an attachment to Defendant's Motion to Exclude Plaintiff's Expert Report and Testimony.

Independent Contractor Operating Agreement with FAF through which he leased his truck with a qualified driver to FAF to perform transportation services for FAF. *Deposition of Fredrick Blodgett* ("Blodgett Dep.") at 15:7-9, 45:11-19, 112:16-113:21.[2] Approximately six months later, Plaintiff created a limited liability company named Big FS, LLC, and Big FS, LLC leased its truck with driver to FAF. *Blodgett Dep.* at 114:1-116:12. Big FS, LLC provided those transportation services for almost the next two years until it terminated the contract in or about October 2017. *Blodgett Dep.* at 29:19-30:1; 224:15-18.

As a driver who contracted to provide services to FAF, Plaintiff received weekly settlement sheets containing the earnings associated with his services. *Parker Decl.*, ¶ 17; *Blodgett Dep.* at 111:10:20; 280:20-25. The earnings in the weekly settlement sheets included revenue, accessorials, and reimbursements. *Blodgett Dep. Ex.* 17, p. 1; *ECF No.* 32-6 at 3; *Parker Decl.*, ¶ 17–18. The revenue in the weekly settlement sheets identified the direct earnings received for hauling freight. *Parker Decl.*, ¶ 18; *Blodgett Dep.* at 280:10-22, 282:21-283:7; *ECF No.* 32-6 at 2. Accessorials included additional compensation for "layovers" as well as extra payments to Plaintiff to offset fuel costs. *Parker Decl.*, ¶ 17; *Blodgett Dep.* at 283:8-284:3; *Blodgett Dep. Ex.* 17, p. 1;[3] *ECF No.* 32-6 at 2.

The weekly settlement sheets also included deductions from gross compensation to reconcile advances, adjustments, and recurring expenses. *Parker Decl.*, ¶ 18; *Blodgett Dep.* at 288:20-289:13; 293:13-294:1; *Blodgett Dep. Ex.* 17, p. 1; *ECF No.* 32-6 at 2. Advances involve the prepayment of earnings the owner-operator will be entitled to that are reconciled in the

---

[2] The Declaration of James H. Hanson ("Hanson Decl.") is attached as Exhibit 1. The *Hanson Decl.* includes excerpts from the Deposition of Fredrick Blodgett ("Exhibit 1-A"), Deposition of Robert Lucas ("Exhibit 1-C"), Deposition of Lucious Coleman ("Exhibit 1-D"), and Deposition of Tim Parker ("Exhibit 1-E").

[3] Attached to the *Hanson Decl.* as *Exhibit 1-B*.

2

deductions portion of the weekly settlement sheets to reflect the contractor's receipt of money before it is due. *Parker Decl.*, ¶ 21. Those advances are then deducted on the next weekly settlement accounting for that prepayment as a deduction from gross earnings. *Parker Decl.*, ¶ 21; *Blodgett Dep.* at 288:20-289:13; 293:13-294:1.

The Amended Complaint references a settlement sheet for a single workweek in which Plaintiff alleges a minimum wage violation, and that settlement sheet is attached to Plaintiff's Motion for Conditional Certification as ECF No. 32-6 at 3-5 (the "December 11 Settlement Sheet"). *Amended Complaint*, ¶ 83; *ECF No.* 32-2, ¶ 6; *Blodgett Dep. Ex.* 17, p. 1–2. For convenience a reproduction of the December 11 Settlement Sheet is Appended to this Brief at pages 11 and 12.

The normal workweek runs from Sunday to Saturday, and compensation for that workweek is provided no later than the following Friday. *Deposition of Tim Parker* at 237:4-238:22. The December 11 Settlement Sheet therefore covered earnings and deductions occurring during the workweek that began November 29, 2015 and ended December 5, 2015. *Blodgett Dep.* at 278:12-279:12. Plaintiff provided transportation services as an owner-operator to FAF on four (4) days of that seven (7) day period. *Id.; Blodgett Dep. Ex.* 17, p. 3-12. Plaintiff's on duty time, including driving and non-driving duties, for those four days totaled 34 hours and 22 minutes. *Blodgett Dep. Ex.* 17, p. 3-12.

The December 11 Settlement Sheet identified Plaintiff's earned gross compensation, including revenue, accessorials, and reimbursements, totaling $2,844.86. *ECF No.* 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1; *Amended Complaint*, ¶ 83. The December 11 Settlement Sheet also included reconciliation for advances, adjustments and recurring deductions that resulted in a net

3

payment amount to Plaintiff of $275.41. *Blodgett Dep.* at 296:1-7; *Blodgett Dep. Ex.* 17, p. 1–2; *ECF No.* 32-6 at 3-4; *Amended Complaint*, ¶ 85.

The December 11 Settlement Sheet contains a deduction for a "Comdata Cash Advance" of $100.10. *ECF No.* 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1. This cash advance reconciles a prepayment of compensation to Plaintiff that he was able to take in advance of earning the compensation and use free and clear for any purpose. *Parker Decl.*, ¶ 21; *Blodgett Dep.* at 288:20-289:13, 293:13-294:1; *Deposition of Robert Lucas* ("Lucas Dep.") at 216:9-217:12.

The December 11 Settlement Sheet also contains a $100.00 deduction for "Maintenance Reserve." *ECF No.* 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1. The Maintenance Reserve deduction is a voluntary election by Plaintiff to defer whatever sum of money he chose into a savings account over which he had total control and could use free and clear for any purpose. *Lucas Dep.* at 227:2-12; *Deposition of Lucious Coleman* ("Coleman Dep.") at 90:11-92:24, 195:10-14; *Parker Decl.*, ¶ 20; *Blodgett Dep.* at 292:24-293:12, 294:2-5.

The money in a contractor's maintenance account belongs to the contractor and can be withdrawn just like someone might do with any savings account, including using the funds to go on vacation. *Parker Decl.*, ¶ 20; *Lucas Dep.* at 227:13-18; *Coleman Dep.* at 92:25-93:16.

The December 11 Settlement Sheet also included a $170.77 "True Choices Ins." deduction for voluntary health insurance coverage. *Parker Decl.*, ¶ 22; *ECF No.* 32-6 at 4; *Blodgett Dep. Ex.* 17, p. 2; *Blodgett Dep.* at 108:18-109:13; *Coleman Dep.* at 131:22-132:8.

## III. ARGUMENT

Plaintiff cannot establish an FLSA violation unless he can first prove that FAF incorrectly classified him as an independent contractor and not an employee.[4] FAF stands resolute in its classification of Plaintiff as an independent contractor and Plaintiff's inability to meet this threshold burden of proof.[5] However, even if Plaintiff could meet this threshold burden of proof on this element of his minimum wage claim, FAF would nevertheless be entitled to summary judgment because Plaintiff's compensation never fell below the FLSA's minimum wage. For purposes of this Motion only and without admitting the disputed issue of Plaintiff's employment status, FAF will treat Plaintiff's compensation and deductions from compensation as they would be characterized under the FLSA for an employee to show that his net earnings always exceeded the minimum wage.

### A. Legal Standard

Summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-

---

[4] *Simpson v. Baskin*, 3:17 cv 01077, 2018 WL 1070897, *slip op* at *4 (M.D. Tenn. Feb. 26, 2018), report and recommendation adopted, 3:17 cv 01077, 2018 WL 1288908 (M.D. Tenn. March 13, 2018) (requiring the plaintiff to prove (1) an employment relationship and (2) a minimum wage violation).

[5] The facts surrounding Plaintiff's relationship with FAF will make clear that Plaintiff provided his services as an independent contractor and not as an employee. As an independent contractor, Plaintiff was not covered by the FLSA, and FAF did not have to pay Plaintiff a minimum wage under the FLSA. Plaintiff's independent contractor status is not a subject of this Motion and will be challenged following resolution of Plaintiff's bid for conditional certification.

5

moving party must adduce evidence demonstrating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A party cannot avoid summary judgment by relying on the assertions contained in their pleadings. Rather, the non-moving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

    **B.**    **FAF Satisfied the Minimum Wage**

Under the FLSA, liability for minimum wage violations occurs only when an employee's wage rate for a particular workweek falls below $7.25 per hour on average. Stated differently, an employer satisfies the FLSA's minimum wage requirement "if the total weekly wage paid is equal to or greater than the number of hours worked in the workweek multiplied by the statutory minimum hourly rate." *Sutton v. CHSPSC, LLC*, 1:16CV01318, 2018 WL 3318961, slip op. at *9 (W.D. Tenn. July 5, 2018).

According to Plaintiff, the workweek corresponding with the December 11 Settlement Sheet saw Plaintiff earn less than minimum wage. *Amended Complaint*, ¶ 86. The workweek corresponding with that pay date involved work performed by Plaintiff from November 29 to December 5, 2015. *Parker Dep.* at 237:4-238:22; *Blodgett Dep.* at 277:21-279:16. During that workweek, Plaintiff only worked (i.e., was on duty) four days for a total of less than 36 hours.[6]

---

[6] Plaintiff's hours of work are measured by the on-duty hours (both on-duty driving and on-duty not driving), which totaled 34 hours, 22 minutes. *Blodgett Dep. Ex. 17*, pp. 3-12. *See Ahmed v.*

6

*Blodgett Dep.* at 297:14-298:21; *Blodgett Dep. Ex.* 17, p. 3-12. Multiplying 36 hours by the FLSA minimum wage of $7.25 yields $261. Plaintiff admits he deposited a net $275.41 in his checking account for that workweek. *Amended Complaint*, ¶ 85; *Blodgett Dep.* at 296:2-7. Thus, Plaintiff received a *net* amount that exceeded the minimum wage.

Even the exaggerated allegations of the Amended Complaint fail to show a minimum wage violation. Plaintiff asserts in his Amended Complaint that he worked as many as 49.2 hours that workweek. *Amended Complaint*, ¶ 86. Even with that number of hours of work, the FLSA's minimum wage requirement would be met if Plaintiff's net wages for the workweek totaled at least $356.70 (49.2 hours x $7.25 per hour). Gross earnings for the workweek undisputedly totaled $2,844.86. *Amended Complaint*, ¶ 83; *ECF No.* 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1. Plaintiff, however, asserts that deductions reduced the gross earnings to a net compensation amount of $275.41, thereby violating the FLSA minimum wage. *Amended Complaint*, ¶¶ 85-88; *ECF No.* 32-6 at 4.

Although the overall net settlement check received by Plaintiff for the workweek in question totaled $275.41, many of the deductions resulting in that amount are amounts that should be included as part of his net compensation for that workweek. For example, the settlement statement at issue includes a deduction for a "Comdata Cash Advance" of $100.10. *ECF No.* 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1. This deduction simply reconciles a cash advance -- a prepayment of earnings -- that FAF provided to Plaintiff to use for any purpose. *Parker Decl.*, ¶ 21; *Blodgett Dep.* at 288:20-289:13, 293:13-294:1; *Lucas Dep.* at 216:9-217:12. An advance does not reduce wages; it is a prepayment of what Plaintiff would have been paid in that

---

*Highway Freight Systems, Inc.*, 2014 WL 6473375 at *4 (E.D. Penn. Nov. 19, 2014) (calculating the plaintiff driver's hours of work by adding on-duty driving and on-duty not driving hours and dividing the total hours into the total compensation in finding the company complied with the minimum wage).

workweek. The deduction should therefore be added back into his net compensation to determine his net earnings for the work. *Adamson v. W.R. Coleman Excavation, LLC*, 2017 WL 4180008, at *4 (D. Utah Sept. 20, 2017); *See Wage and Hour Opinion Letter of Mar. 20*, 1998, 1998 WL 852662 ("It has been our longstanding position that where an employer makes a loan or an advance of wages to an employee, the principal may be deducted from the employee's earnings even if such deduction cuts into the minimum wage or overtime pay due the employee under the FLSA."); U.S. DOL, Wage & Hour Division Field Operations Handbook § 30c10(b) (available at https://www.dol.gov/whd/FOH/index.htm). Adding this $100.10 to the $275.41 identified in the settlement yields a total of $375.51, which exceeds the $356.70 necessary to compliance with the minimum wage requirement based on Plaintiff's estimate (versus FAF's record) of hours worked.

Additionally, the December 11 Settlement Statement includes a $100.00 deduction for Plaintiff's elective Maintenance Reserve. *ECF No*. 32-6 at 3; *Blodgett Dep. Ex.* 17, p. 1. It is undisputed that the Maintenance Reserve deduction is a voluntary election Plaintiff took to use for any purpose he chose, including vacation expenses. *Blodgett Dep.* at 292:24-293:12, 294:2-5; *Parker Decl.*, ¶ 20; *Lucas Dep*. at 227:13-18; *Coleman Dep*., at 92:25-93:12. In other words, the Maintenance Reserve deduction *is compensation* under the FLSA because it has been paid to Plaintiff free and clear. 29 C.F.R. § 531.35. (Stating that free and clear payments constitute wages). Similar to the cash advance, this $100 in and of itself added to the $275.41 yields a total well in excess of the $356.70 necessary to meet the minimum wage requirement under Plaintiff's own theory.

Finally, the deduction of $170.77 for True Choices Ins. is Plaintiff's voluntary deduction for health insurance coverage. *ECF No*. 32-6 at 3; *Parker Decl*., ¶ 22; *Blodgett Dep.* at 290:22-

8

291:12. This health insurance deduction should be added back into his compensation for purposes of the minimum wage calculation. *See Miller v. Univ. of Pittsburgh Med. Ctr., McKeesport*, No. CV 06-937, 2008 WL 11450427, at *17 (W.D. Pa. July 10, 2008). In fact, Plaintiff admitted during his deposition that both the deductions for the Comdata Cash Advance and True Choices Ins. were voluntary elections he made. He could have instead chosen not to take the deductions and received those same amounts in his net earnings. *Blodgett Dep*. at 294:2-5, 296:2-297:13.

Once these three deductions on the settlement statement are added back into Plaintiff's compensation—the Comdata Cash Advance ($100.10), the Maintenance Reserve ($100.00), and the True Choices Ins. ($170.77)—Plaintiff's regular wages total at least $646.28 (i.e., an average hourly wage of $13.14 even under Plaintiff's inflated speculation of 49.2 hours worked that workweek). This is well over the $356.70 minimum wage for that workweek under Plaintiff's theory. Indeed, any one of these three amounts, standing alone, increase Plaintiff's regular wages for the workweek above the $356.70 threshold. FAF did not employ Plaintiff, and he was therefore not an employee subject to FLSA minimum wage requirements. Regardless, the net compensation FAF paid Plaintiff exceeded the federal minimum wage of $7.25 per hour.[7]

## IV. CONCLUSION

The sole minimum wage violation alleged by Plaintiff involves a workweek in which he admittedly was on duty for less than 36 hours and received net compensation of *at least* $275.41, translating to an hourly wage of at least $7.65, above the minimum wage. In fact, given that the Comdata Cash Advance ($100.10), Maintenance Reserve ($100.00) and True Choices Ins.

---

[7] The Comdata Cash Advance, Maintenance Reserve, and True Choices Ins. entries are merely examples of amounts that should be treated as part of Plaintiff's net earnings for the workweek. Additional examples and amounts exist within the December 11 Settlement Sheet to further increase Plaintiff's net earnings, but they are not necessary for purposes of this Motion.

9

($170.77) amounts were each free and clear earnings that must be included in Plaintiff's net earnings to determine compliance with the minimum wage requirements, his hourly rate for that workweek exceeded $17.95 ($646.28 divided by 36 hours worked). Even under Plaintiff's theory that he worked a total of 49.2 hours that workweek, FAF paid him an average of $13.14 per hour, which is far more than the minimum wage.

For all of the foregoing reasons, even if Plaintiff could establish he was an employee of FAF under the FLSA, which he cannot, his compensation exceeded the FLSA's required minimum wage, thus entitling FAF to summary judgment as a matter of law.

Dated: December 14, 2018

Respectfully submitted,

*s/James H. Hanson*
James H. Hanson (*Pro Hac Vice*)
jhanson@scopelitis.com
Christopher J. Eckhart (*Pro Hac Vice*)
ceckhart@scopelitis.com
Paul D. Root (*Pro Hac Vice*)
proot@scopelitis.com
Scopelitis Garvin Light Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
PH: (317) 637-1777
FX: (317) 687-2414

Jason M. Ensley (TN BPR No. 020066)
jensley@ensleybakershade.com
Ensley, Baker & Shade, PLLC
801F Sunset Drive, Ste. 2
Johnson City, TN 37604
PH: (423) 631-0550
FX: (423) 631-0555

Attorneys for Defendant,
FAF, Inc., d/b/a Forward Air Transportation Services, Inc.

```
RICKERP                           SETTLEMENT SHEET                                    SSSSPRRR
12/08/15 - 14:30:23               FORWARD AIR, INC.                                   PAGE   1

SETTLEMENT ID: 805  O/O FAF DIVISION        PAY DATE: 12/11/15    CHECK TYPE: RG

FAF  BLOD-FR      FREDRICK BLODGETT
                  2592 FRENCH CAMP RD.
                  MANTECA           CA  95336
```

| *** REVENUE *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | DATE | ORDER NBR | TRACTOR | REFERENCE | QUANTITY | | CONTRACT RATE | ADJUSTED RATE | AMOUNT | TOTAL |
| FAF REVENUE | 11/30/15 | 7236145 - 000 | 11485 | | 536.00 LM | .00000 | 1.02000 | 546.72 | 546.72 |
| FAF REVENUE | 12/02/15 | 7242343 - 000 | 11485 | | 536.00 LM | .00000 | 1.02000 | 546.72 | 1,093.44 |
| FAF REVENUE | 12/04/15 | 7257786 - 000 | 11485 | | 536.00 LM | .00000 | 1.02000 | 546.72 | 1,640.16 |

| *** ACCESSORIALS *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | DATE | ORDER NBR | TRACTOR | REFERENCE | QUANTITY | CONTRACT RATE | ADJUSTED RATE | AMOUNT | TOTAL |
| FUEL SURCHARGE | 12/04/15 | 7236145 - 000 | 11485 | 4167987 | .00 | .00000 | .00000 | 74.90 | 1,715.06 |
| FUEL SURCHARGE | 12/04/15 | 7242343 - 000 | 11485 | 4173411 | .00 | .00000 | .00000 | 74.90 | 1,789.96 |
| LAYOVER | 12/04/15 | 7242343 - 000 | 11485 | 4171560 4173561 | .00 | .00000 | .00000 | 200.00 | 1,989.96 |
| FUEL SURCHARGE | 12/04/15 | 7257786 - 000 | 11485 | 4178535 | .00 | .00000 | .00000 | 74.90 | 2,064.86 |
| LAYOVER | 12/04/15 | 7257786 - 000 | 11485 | 4173726 | .00 | .00000 | .00000 | 100.00 | 2,164.86 |

| *** REIMBURSEMENTS *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | DATE | ORDER NBR | TRACTOR | REFERENCE | QUANTITY | CONTRACT RATE | ADJUSTED RATE | AMOUNT | TOTAL |
| MRS REIMBURSEMENT | 12/03/15 | 0000000 - 000 | 11266 | | .00 | .00000 | .00000 | 100.00 | 2,264.86 |
| MRS REIMBURSEMENT | 12/03/15 | 0000000 - 000 | 11485 | | .00 | .00000 | .00000 | 580.00 | 2,844.86 |

| *** ADVANCES *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | TRN DATE | ORDER NMBR | TRACTOR | DRIVER CONTRIBUTE | ORIGINAL BALANCE | DRIVER OWING | SERVICE CHARGE | PAYMENT | TOTAL |
| COMDATA FUEL REFER NBR. 64156 WY116 | 11/28/15 | 0000000 - 000 | 11485 | 213.70 | 213.70- | .00 | .85- | 214.55- | 2,630.31 |
| COMDATA CASH ADVANCE REFER NBR. 64156 WY116 | 11/28/15 | 0000000 - 000 | 11485 | 100.00 | 100.00- | .00 | .10- | 100.10- | 2,530.21 |
| COMDATA FUEL REFER NBR. 64156 WY223 | 11/29/15 | 0000000 - 000 | 11485 | 217.28 | 217.28- | .00 | .00 | 217.28- | 2,312.93 |
| COMDATA FUEL REFER NBR. 64156 WY116 | 12/02/15 | 0000000 - 000 | 11485 | 247.80 | 247.80- | .00 | .85- | 248.65- | 2,064.28 |
| COMDATA FUEL REFER NBR. 64156 WY223 | 12/03/15 | 0000000 - 000 | 11485 | 183.08 | 183.08- | .00 | .00 | 183.08- | 1,881.20 |

| *** ADJUSTMENTS *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | TRN DATE | ORDER NMBR | TRACTOR | DRIVER CONTRIBUTE | ORIGINAL BALANCE | DRIVER OWING | SERVICE CHARGE | PAYMENT | TOTAL |
| COMCHECK REFER NBR. 92060 12/0 | 12/02/15 | 0000000 - 000 | 11485 | 679.72 | 679.72- | .00 | .00 | 679.72- | 1,201.48 |

| *** RECURRING DEDUCTIONS *** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | TRN DATE | ORDER NMBR | TRACTOR | DRIVER CONTRIBUTE | ORIGINAL BALANCE | DRIVER OWING | SERVICE CHARGE | PAYMENT | TOTAL |
| EQUINOX BOOKKEEPING REFER NBR. | 8/20/15 | 0000000 - 000 | 11266 | .00 | .00 | .00 | .00 | 21.99- | 1,179.49 |
| MAINTENANCE RESERVE REFER NBR. QUALITY | 9/17/15 | 0000000 - 000 | 11485 | 1,200.00 | .00 | .00 | .00 | 100.00- | 1,079.49 |
| QUALITY EQUIP LEASE REFER NBR. BR4603 | 9/17/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 425.00- | 654.49 |
| PLATE DEDUCTION REFER NBR. 2015 PLATS | 9/18/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 33.00- | 621.49 |
| QUALCOMM WK FEE FAF REFER NBR. 091815 | 9/18/15 | 0000000 - 000 | 11485 | 252.00 | 1,050.00- | .00 | .00 | 21.00- | 600.49 |
| TRUE NORTH INSURANCE REFER NBR. NTL11485 | 9/21/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 7.36- | 593.13 |

```
RICKERP                                              SETTLEMENT SHEET                                    SSSSPRRR
12/08/15 - 14:30:23                                  FORWARD AIR, INC.                                   PAGE    2

SETTLEMENT ID: 805  O/O FAF DIVISION                 PAY DATE: 12/11/15    CHECK TYPE: RG

FAF  BLOD-FR       FREDRICK BLODGETT
                   2592 FRENCH CAMP RD.
                   MANTECA          CA  95336
```

| * * * RECURRING DEDUCTIONS * * * (CONT.) | | | | DRIVER | ORIGINAL | DRIVER | SERVICE | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | TRN DATE | ORDER NMBR | TRACTOR | CONTRIBUTE | BALANCE | OWING | CHARGE | PAYMENT | TOTAL |
| TRUE NORTH INSURANCE  REFER NBR. PO11485 | 9/21/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 103.32- | 489.81 |
| TRUE NORTH INSURANCE  REFER NBR. QA11485 F | 9/21/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 32.24- | 457.57 |
| TRUE NORTH INSURANCE  REFER NBR. DB11485 | 9/21/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 4.28- | 453.29 |
| TRUE NORTH INSURANCE  REFER NBR. RA11485 | 9/21/15 | 0000000 - 000 | 11485 | .00 | .00 | .00 | .00 | 7.11- | 446.18 |
| ==TRUE CHOICES INS==  REFER NBR. TC11485 F | ==10/30/15== | ==0000000 -== | ==000 11485== | .00 | .00 | .00 | .00 | ==170.77-== | ==275.41== |

## CERTIFICATE OF SERVICE

The undersigned certifies that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on December 14, 2018:

Gregory F. Coleman
Lisa A. White
Mark E. Silvey
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
mark@gregcolemanlaw.com

Gary E. Mason
Danielle L. Perry
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave NW, Ste. 305
Washington, D.C. 20016
gmason@wbmllp.com
dperry@wbmllp.com

*s/James H. Hanson*
James H. Hanson

4816-0859-7634, v. 6